IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GLORIA RAMOS, | : | |
|                Plaintiff | : | CIVIL ACTION |
| v. | : | No. 18-cv-3752 |
| | : | |
| LVNV FUNDING, LLC and | : | |
| PRESSLER & PRESSLER, LLP a/k/a | : | |
| PRESSLER, FELT & WARSHAW, LLP | : | |
|                Defendants | : | |

| | | |
|---|---|---|
| ROJELIO RAMOS, | : | |
|                Plaintiff | : | CIVIL ACTION |
| v. | : | No. 19-cv-477 |
| | : | |
| LVNV FUNDING, LLC and | : | |
| PRESSLER & PRESSLER, LLP a/k/a | : | |
| PRESSLER, FELT & WARSHAW, LLP | : | |
|                Defendants | : | |

**MCHUGH, J.**                                                                                                              **May 22, 2019**

**MEMORANDUM**

      These are actions under the Federal Debt Collection Practices Act (FDCPA) and Pennsylvania's counterpart, the Fair Credit Extension Uniformity Act (FCEUA), brought by Plaintiffs after a debt buyer and its attorneys were unsuccessful in pursuing collection of debts in state court.  Plaintiffs have not pleaded any specific deceptive or unconscionable conduct, but seemingly rely on the fact that they prevailed in the underlying collection lawsuit.  Thus the central question is whether the verdicts in Plaintiffs' favor in state court necessarily establish that Defendants' collection efforts were unlawful.  Because a lawsuit can be lost for many reasons, an inference of unlawful conduct does not inexorably follow, with the result that Plaintiffs' claims will be dismissed.

I. **Factual and Procedural Background**

Plaintiffs Gloria and Rojelio Ramos are consumers. Defendant LVNV is a debt buyer that claimed Gloria and Rojelio Ramos owed it money based on debts it had acquired through a chain of assignments. To collect on those purported debts, LVNV sued Gloria and Rojelio Ramos in separate suits in Philadelphia Municipal Court. Defendant Pressler, Felt & Warshaw, LLP is a law firm that represented LVNV in those collection suits. The Municipal Court decided for Gloria and Rojelio Ramos, dismissing both cases by writing only "Judgment for Defendant [Ramos]." Pl.'s Am. Compl. in Case No. 18-3752, Ex. P-3 (ECF No. 4-3); Pl.'s Am. Compl. in Case No. 19-477, Ex. 3 (ECF No. 2-3). As is typical of most proceedings in a small claims court, the judge made no express findings in either suit; nor was any reasoning provided in the dispositive orders. *Id.*

Gloria and Rojelio Ramos thereafter separately filed these actions under the FDCPA, specifically 15 U.S.C. § 1692e and § 1692f, and its Pennsylvania state law counterpart, the FCEUA, in this Court. They allege virtually identical facts and, for practical purposes, their briefing and arguments are the same. They allege that Defendants violated these statutes by (1) misrepresenting to them that they had to make payments they did not owe, (2) demanding payment of debts they did not owe, and (3) suing for debts they did not owe.

II. **Standard of Review**

Motions to dismiss under Fed. R. Civ. P. 12(b)(6) are governed by the well-established standard set forth in *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

**III.     Discussion**

The Fair Debt Collection Practices Act (FDCPA) protects consumers from abusive, deceptive, and unfair debt collection practices by debt collectors.  15 U.S.C. § 1692(a).  Its stated purpose is "to eliminate abusive debt collection practices by debt collectors" and "to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged."  15 U.S.C. § 1692(e).

To state a claim under the FDCPA, Plaintiffs must plausibly allege that (1) they are consumers, (2) the defendant is a debt collector, (3) the defendant's challenged practice—the filing and litigating of the Municipal Court suits—involves an attempt to collect a debt, and (4) the defendant violated a provision of the FDCPA in attempting to collect the debt.  *See St. Pierre v. Retrieval-Masters Creditors Bureau, Inc.*, 898 F.3d 351, 358 (3d Cir. 2018).  LVNV disputes that it is a debt collector, and both Defendants dispute that the filing of the Municipal Court lawsuits, or any of Defendants' assertions made during the course of or prior to that litigation, violated the FDCPA or the FCEUA.  For the reasons that follow, I conclude that LVNV is a debt collector under the FDCPA, but further conclude that both Gloria and Rojelio Ramos have failed adequately to allege violations under federal or state law.

      **a.     Defendant LVNV is a "Debt Collector" Under the FDCPA.**

Defendant LVNV, a debt buyer, argues that it is not a debt collector under the FDCPA but rather a creditor and therefore not subject to the Act's requirements.  In the alternative, LVNV argues that it is not a debt collector because it engaged in no direct communications with Plaintiffs regarding the debts; all communication originated from its hired law firm, Pressler.  Recent decisions from the Third Circuit render both arguments meritless.

As to whether LVNV is a "debt collector," the FDCPA defines "debt collectors," as (1) those involved "in any business the principal purpose of which is the collection of any debts," and (2) those "who regularly collect[] or attempt[] to collect, directly or indirectly, debts . . . owed or due another." 15 USC § 1692a(6).[1]  In *Henson v. Santander Consumer USA Inc.*, the Supreme Court recently addressed the second definition of "debt collector," one who "regularly collects" debts. *See* 137 S. Ct. 1718 (2017).  It held that a debt buyer does not fall within that definition because it does not "regularly seek to collect debts 'owed . . . another.'" *Id.* at 1721.

But, as the Court of Appeals observed in *Barbato v. Greystone All., LLC*, the *Henson* decision "explicitly declined to address whether [] debt buyers could nevertheless qualify as debt collectors under the [first] 'principal purpose' definition." 916 F.3d 260, 265 (3d Cir. 2019). After making that observation, the Third Circuit went on to hold that debt buyers can qualify as debt collectors under the "principal purpose" definition of the FDCPA. *Id.* at 267.  Specifically, a debt buyer is a "debt collector" under the "principal purpose" definition of the statute "[a]s long as [the] business's *raison d'être* is obtaining payment on the debts that it acquires." *Id.* Stated differently, a debt buyer qualifies as a debt collector under the FDCPA if the most important goal of its business is the collection of debts, even if it pursues collection through a third party such as a law firm. *Id.*

I have previously concluded that LVNV is a debt collector for purposes of the FDCPA. *See Norman v. Allied Interstate, LLC*, 310 F. Supp. 3d 509, 515 (E.D. Pa. 2018).  In that case, foreshadowing *Barbato,* I concluded that LVNV was a debt collector under the "primary

---

[1] The FDCPA also provides additional definitions of "debt collector" which are not relevant here: "any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts" and "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." 15 U.S.C. § 1692a(6).

4

purpose" definition because (1) it admitted in its brief that it was in the business of debt-buying, and (2) I took judicial notice that LVNV's website—a single, non-interactive page consisting of two paragraphs of text—described the company as a buyer of consumer debt owned by banks, finance companies, and "other debt buyers, " with no suggestion that it engaged in any other commercial activity aside from purchasing debt for the purpose of collecting it. *Id.* That same reasoning applies here. First, Defendants concede that LVNV is a debt buyer. Def. Pressler's Mot. Dismiss in Case No. 19-477 (Rojelio), ECF No. 11-1 ("LVNV is a debt buyer."). Second, LVNV continues to identify itself in the marketplace solely as an entity that buys and then collects debt.[2]

Defendant LVNV's alternative argument—that it is not a debt collector because all affirmative communications with Plaintiffs came through counsel—has also been rejected by the Court of Appeals. The Third Circuit has decided that an entity can be considered a debt collector even if it had no direct contact with debtors and outsourced all of its collection activities to others. *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 404-406 (3d Cir. 2000), *abrogated on other grounds by Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1721 (2017). Although *Pollice* predated *Henson*, the Third Circuit recently re-affirmed its continued viability in *Barbato*: "As long as a business's *raison d' être* is obtaining payment on the debts that it acquires, it is a debt collector. Who actually obtains the payment or how they do so is of no moment." 916 F.3d at 267. This comports with § 1692a(2) of the statute, which defines "communication" as "the conveying of information regarding a debt directly *or indirectly* to any person." 15 U.S.C. § 1692a(2) (emphasis added). Because LVNV is a debt collector within § 1692a(6)'s "principal purpose" definition, it is subject to the FDCPA's requirements.

---

[2] *See* LVNV Funding (May 21, 2019, 2:53 PM), http://lvnvfunding.com.

### b. Plaintiffs Were Not Required to Raise Their FDCPA Claims in the Municipal Court Actions.

Defendant LVNV argues that Plaintiffs are precluded from bringing their FDCPA claims in this Court because they were required to raise them as compulsory counterclaims in Philadelphia Municipal Court. This argument fails in all respects.

Under the Pennsylvania Rules of Civil Procedure, counterclaims are permissive, not compulsory. Pennsylvania Civil Rule 1148 provides that a defendant "may" plead a counterclaim. Pa. R. Civ. P. 1148. Unlike its federal counterpart, the Pennsylvania rule does not require the assertion of counterclaims. Thus, failure to bring a counterclaim does not bar a later action, and a defendant in a Pennsylvania civil action is "not required to pursue the cause of action raised in the counterclaim in the same proceeding, but [could] file a separate suit." *Mistick Inc. v. City of Pittsburgh*, 646 A.2d 642, 644 (Pa. Commw. Ct. 1994);[3] *Martin v. Poole*, 232 Pa. Super. 263 (1975); *see also Kaymark v. Bank of Am., N.A.*, 783 F.3d 168, 179 (3d Cir. 2015), abrogated on other grounds by *Obduskey v. McCarthy & Holthus LLP,* 139 S. Ct. 1029 (2019) (permitting the plaintiff to assert claims under the FDCPA and the FCEUA in federal court despite a parallel related state court foreclosure action).

The Defendants also invoke Rule 13(a) of the Federal Rule of Civil Procedure which makes a counterclaim compulsory if it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a). There is a surprising amount of precedent rejecting the argument that the federal rule would apply in state courts— surprising because such a contention is frivolous. The Federal Rules commence with a statement entitled Scope and Purpose, set forth in Rule 1, providing that "[t]hese rules govern the

---

[3] See also *Council Rock Sch. Dist. v. Bolick*, 462 F. Appx. 212, 214 (3d Cir. 2012).

6

procedure in all civil actions and proceedings in the United States district courts."[4]  Fed. R. Civ. P. 1.  Defendant offers no explanation as to how procedural rules promulgated by and expressly limited to the federal courts could supplant the rules of a state court in a state court proceeding.  There is no legal authority for such a proposition, undoubtedly because it would represent an egregious breach of comity and federalism.

Even if one imaginatively assumes that Rule 13 might apply, Plaintiff's claims here would not be compulsory counterclaims to a debt collection action.  Because the FDCPA focuses on misconduct in the debt collection process rather than the collectability of the debt itself, a FDPCA claim cannot be said to stem from the same "transaction or occurrence" as a collection lawsuit in state court.  *See Jones v. LVNV Funding, LLC*, 2016 WL 3940310, at *2 (E.D. Pa. July 20, 2016) (Baylson) (citing *Kimmel v. Cavalry Portfolio Servs., LLC*, 747 F. Supp. 2d 427, 431 (E.D. Pa. 2010) (finding that an FDCPA claim and a state law debt collection counterclaim arise from different transactions or occurrences, and therefore the debt collection counterclaim is not compulsory in an FDCPA action); *Orloff v. Syndicated Office Sys.*, 2003 WL 22100868 (E.D. Pa. Aug. 20, 2003) (finding that FDCPA and FCEUA claims do not arise from the same transaction as a debt collection claim); *Zhang v. Haven-Scott Assocs.*, 1996 WL 355344 (E.D. Pa. June 21, 1996) (finding that an FDCPA claim does not arise from the same transaction as a debt collection claim); *Ayres v. Nat'l Credit Mgmt. Corp.*, 1991 WL 66845 (E.D. Pa. Apr. 25, 1991) (same)).

Finally, as a matter of both policy and federalism, adopting Defendants' argument would undermine enforcement of the FDCPA.  For practical purposes, it would eviscerate the jurisdiction of federal courts because litigants would be compelled to raise their FDCPA rights in every collection action or risk later dismissal under the doctrine of claim preclusion.  Although

---

[4] Separate provisions for removed actions are set forth in Fed. R. Civ. P. 81, none of which would apply here.

Congress provided for both federal and state jurisdiction in the FDCPA, it undoubtedly intended for the federal courts to play a major role in enforcing the statute. That system of dual jurisdiction is undermined if—for all practical purposes—litigants are forced to raise their claims in state court. Furthermore, in many jurisdictions, as here, cases with limited economic damages must first be filed in what is essentially a small claims court.[5] Such courts are meant to handle a high volume of smaller cases in an efficient way and are not structured to provide the time needed to address a wide array of complex legal issues. Small claims courts also typically allow for a right of appeal to a court of general jurisdiction, adding an element of delay. Adopting a rule that would clutter the dockets of such courts with FDCPA claims would not serve their efficiency interests, nor the interests of the consumers the statute is intended to protect.

### c. Plaintiffs Fail to State a Claim Under FDCPA Section 1692e (False/Misleading Representations) or Section 1692f (Unfair Practices).

Section 1692e prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C § 1692e. The section includes a non-exhaustive list of prohibited conduct, including making false representations as to "the character, amount or legal status of any debt," *id.*, "threat[ening] to take any action that cannot legally be taken," *id.*, and using "any false representation or deceptive means to collect or attempt to collect any debt." *Id.* Section 1692f prohibits "unfair or unconscionable means to collect or attempt to collect any debt." *Id.*

Plaintiffs assert that Defendant LVNV violated Sections 1692e and 1692f when it misrepresented its status as an assignee and sought to collect from Plaintiffs debts they did not owe, and that Defendant Pressler violated the statute by falsely representing that Plaintiffs were

---

[5] The jurisdictional limit for Philadelphia Municipal Court is currently $12,000. Municipal Court-Civil Division, Philadelphia Courts (May 21, 2019, 3:59 PM), http://www.courts.phila.gov/municipal/civil/.

8

liable to LVNV. Plaintiffs' claims are artfully pled. They plead that they did not borrow from LVNV, but such allegations lack substantive import because, by Plaintiffs' own theory of the case, LVNV does not extend credit or lend. But they assiduously avoid any reference to the credit card debts that were identified as the subject of collection in Municipal Court, as referenced in the court documents attached as exhibits to the complaints. Rojelio Ramos' Compl. Ex. 2-2 in Case No. 19-477, ECF No. 2-2; Gloria Ramos' Compl. Ex. 2-3 in Case No. 18-3752, ECF No. 2-3. Both plead that they "denied owing the debt" and hired counsel to defend themselves, but neither pleads that they disputed the validity of the debt before suit was filed.

Plaintiffs' argument seems to be in the form of a syllogism: because the Municipal Court found in their favor, it follows that the debt was invalid, with the result that any attempt to collect upon it is necessarily deceptive and unconscionable under the FDPCA. Unquestionably, if LVNV or Pressler had fabricated the existence of a debt and then tried to collect, Plaintiff would state a claim. But there are no such allegations here, only whatever inference follows from the fact that Plaintiffs prevailed in the collection action. Lawsuits can be lost for any number of reasons and, as noted above, the decisions here were not accompanied by any specific rationale. The fact that LVNV failed to prevail in its case does not by itself establish that LVNV never owned the debt, that its attempts to collect were deceptive in nature, or that its filing suit through Pressler was unconscionable.

In analyzing § 1692e(5), the Supreme Court stated that "we do not see how the fact that a lawsuit turns out ultimately to be unsuccessful could, by itself, make the bringing of it an 'action that cannot legally be taken.'" *Heintz v. Jenkins*, 514 U.S. 291, 295-96 (1995). Courts in other circuits have come to the same conclusion. *See Eades v. Kennedy, PC Law Offices*, 799 F.3d

161, 172 (2d Cir. 2015) (dismissing FDCPA claim based on the initiation of a debt collection lawsuit); *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 333 (6th Cir. 2006) (rejecting argument that "a lawsuit filed without the immediate means of proving the existence, amount, or true owner of the debt" violates Section 1692e). My colleague Judge DuBois has recently concluded that merely attempting to collect a debt by filing suit "is not deceptive in nature." *Chenault v. Credit Corp. Sols.*, 2017 WL 5971727, at *4 (E.D. Pa. Dec. 1, 2017).

Plaintiffs presume that they prevailed in the collection action because of some defect in Defendants' legal right to pursue collection. But they do not plead that Defendants were aware of such a defect before judgment was entered in Plaintiffs' favor. To the extent that Plaintiffs' theory of liability implies an obligation to investigate the validity of a debt even in the absence of any dispute by the debtor, such a theory finds no support in the statute or the case law.

It is important to note that Plaintiffs are not proceeding under Section 1692g(b) of the FDCPA, which provides that if a consumer notifies the debt collector in writing that the debt is disputed, the debt collector must then cease collection of the debt "until the debt collector obtains verification of the debt or a copy of a judgment . . . and a copy of such verification or judgment . . . is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(b). This is the only provision in the statute requiring investigation and verification of debts, and Plaintiffs do not claim to have provided such notice.

Absent such a dispute, the FDCPA does not require a debt collector independently to investigate and verify a debt prior to collection. The Third Circuit has not addressed this issue in any precedential opinion.[6] Numerous courts, including several circuit courts, have rejected the view that a debt collector has a duty to investigate the validity of the debt in the absence of a

---

[6] A non-precedential opinion, *Dixon v. Stern & Eisenberg, PC*, 652 F. Appx. 128 (3d. Cir. 2016), weighs against Plaintiffs' position.

challenge from a debtor. *Farren v. RJM Acquisition Funding, LLC*, 2005 WL 1799413, at *9 (E.D. Pa. July 26, 2005) ("The FDCPA was intended to protect debtors from offensive, misleading, and aggressive tactics by debt collectors, not to hold debt collectors . . . to a standard of omniscience as to whether or not a debt will eventually be found to belong rightfully to someone other than the individual first identified as the debtor."); *see also Randolph v. IMBS, Inc.*, 368 F.3d 726, 729 (7th Cir. 2004) ("Courts do not impute to debt collectors other information that may be in creditors' files—for example, that debt has been paid or was bogus to start with."); *Clark v. Capital Credit & Collection Servs., Inc*., 460 F.3d 1162, 1174 (9th Cir. 2006) ("Within reasonable limits, [debt collectors] were entitled to rely on their client's statements to verify the debt . . . [and] the FDCPA did not impose upon them any duty to investigate independently the claims presented by [the creditor]."); *Chaudhry v. Gallerizzo,* 174 F.3d 394, 406 (4th Cir. 1999) (noting that verification does not require a debt collector to "vouch for the validity of the underlying debt") (internal quotation marks omitted).[7]

In short, Plaintiffs have not pled specific deceptive acts or unconscionable measures employed by LVNV or Pressler. Their case depends on an inference stemming from the verdicts in Plaintiffs' favor in the underlying collection lawsuits. Those favorable verdicts do not, standing alone, support the conclusion that pursuit of the debts violated the FDCPA.

### d. Plaintiffs Fail to State a Claim Under Pennsylvania's FCEUA.

Plaintiffs argue that, even if their FDCPA claims fail, Defendants "may still face liability under Pennsylvania law," specifically the FCEUA. Pl.'s Resp. LVNV's Mot. Dismiss 11, ECF No. 18. This contention lacks merit. The Pennsylvania statute comprises just two substantive sections: a lengthy section applying to creditors and a one-sentence section applying to debt

---

[7] A panel of the Third Circuit cited *Clark* and *Chaudhry* as authority for its decision in *Dixon,* 652 F. Appx. at 133.

collectors. *See* 73 Pa. Cons. Stat. § 2270.4(a)-(b). There is no argument that the Defendants here qualify as creditors under the FCEUA, so I limit my analysis to the section that applies to debt collectors.

The Third Circuit has recognized that the FCEUA's definition of "debt collector" is narrower than that of the FDCPA, covering only "[a] person not a creditor . . . engaging or aiding directly or indirectly in collecting a debt." *Glover v. F.D.I.C.*, 698 F.3d 139, 152 (3d Cir. 2012). "[E]ven where a defendant ostensibly falls within the FDCPA's definition of 'debt collector,' such defendant may not be liable under the FCEUA's narrower scope." *Id.* LVNV, as discussed above, falls within the FDCPA's definition of "debt collector." But that does not mean that it is liable under the FCEUA. Because beyond meeting the definition of "debt collector," a defendant must also have violated the FCEUA to be liable. And an FCEUA violation in turn requires a violation of the FDCPA. 73 Pa. Cons. Stat. § 2270.4(a). In its entirety, the FCEUA section applying to debt collectors reads: "It shall constitute an unfair or deceptive debt collection act or practice under this act if a debt collector violates any of the provisions of the Fair Debt Collection Practices Act." *Id.* The FCEUA outlines no act or practice—other than violating the FDCPA—as creating liability for debt collectors. Because Defendants here have not violated the FDCPA's provisions—see above—Plaintiffs' FCEUA claims necessarily fail. *See Zachary v. Midland Funding, LLC*, 2018 WL 3474691, at *5 (E.D. Pa. July 18, 2018); *Donohue v. Reg'l Adjustment Bureau, Inc.,* 2013 WL 1285469, at *7 (E.D. Pa. Mar. 28, 2013) (quoting *Sasscer v. Donnelly,* 2011 WL 6780954, at *3 (M.D. Pa. Dec. 27, 2011)).

## IV.     Conclusion

For the foregoing reasons, I grant Defendants' Motions to Dismiss in both cases. Such dismissal is without prejudice to permit Plaintiffs the opportunity to submit a legally sufficient pleading. An appropriate Order follows.

    /s/ Gerald Austin McHugh
United States District Judge